LOWE *et ux. v.* WILSON *et ux.*

(*Knoxville,* September Term, 1951.)

Opinion filed June 7, 1952.

Rehearing denied July 11, 1952.

ROY C. NELSON and BANKS, STREET & BANKS, all of Elizabethton, for appellants.

O. H. WILSON, of Mountain City, CURTIN & HAYNES, of Bristol, for appellees.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The appeal in this cause presents a bill filed for a Declaratory Judgment, and construction of a clause in a certain deed executed and delivered on November 22, 1946, by which the Defendants, as grantors, had sold certain real property to the grantees, Complainants. Complainants allege that they paid for the land in the sum of $1,250, which was the full market value of the land. They sought construction of the following clause in the deed which follows immediately upon the consideration clause:

"It is hereby agreed and understood between the parties hereto that no beer, beverages, or intoxicants of any kind or character shall ever be sold upon the lot or parcel of land herein conveyed, and this agreement is a part of the consideration for this sale."

Complainants further alleged in the bill that it was their understanding of said covenant, when they accepted the deed, that it was not a covenant running with the land, and was a mere personal agreement by which they under-

took to bind themselves only; that it was not a limitation or cloud upon title to their property, and they, accordingly, sought a declaration of the true effect of said clause.

To the bill, the Defendants filed a demurrer by which they insist that said clause, when properly construed, is a covenant running with the land, is a perpetual limitation upon the use of said property, and binds both the grantees and their heirs and assignees.

In the final decree, the Chancellor made the following declaration:

"1. As between the parties grantor and grantee this is a personal covenant binding regardless of whether it runs with the land or not, and the covenant may be enforced by injunctive process.

"2. As between the grantor, R. Clyde Wilson, and grantees of grantee, Lowe and wife, this is a covenant running with the land and binding upon subsequent purchasers, and R. Clyde Wilson may enforce the same by injunctive process."

From this decree, the Complainants have perfected this appeal and made assignments of error.

While it is true that restrictive covenants forbidding the sale of intoxicating liquors on the land, have been held to be so closely related to the land as to be capable of being made to run with the land, compare *Benner* v. *Tacony Athletic Ass'n,* 328 Pa. 577, 196 A. 390, it is nevertheless true that the form of such covenant must comply with the general requirements of law to effect that result.

Covenants restricting the use of land and preventing its free and unrestricted enjoyment are not favored, and will be strictly construed against the restriction.

The questioned clause in the deed which we have copied above, does not specifically bind the heirs and assigns of the grantees. The clause says simply:

"It is hereby agreed and understood between the parties * * * that no * * * intoxicants * * * shall ever be sold upon the lot * * *."

"The question then arising is whether the said covenant runs with the land, or was personal to the grantees under the deed. This court has in several decisions adhered to the second resolution in Spencer's Case, 5 Co. 16, and held that a covenant in respect to something not in esse must specifically bind the assigneees of the covenantor in order for such covenant to run with the land." *Carnegie Realty Co. v. Carolina, C. & O. R. Co.*, 136 Tenn. 300, 306, 189 S. W. 371, 372.

The foregoing was cited and approved in *Farrar* v. *Nashville C. & St. L. Ry.*, 162 Tenn. 313, 322, 36 S. W. (2d) 95.

In a case in which this Court denied certiorari, the following statement was approved:

"Restrictive covenants are in derogation of the right of unrestricted use of property, and are to be strictly construed against the party seeking to enforce them. They will not be enforced by implication, and will include anything not plainly prohibited. *Zinn* v. *Sidler,* 268 Mo. 689 [187 S. W. 1172], L. R. A. 1917A, 455; *Hartman* v. *Wells,* 257 Ill. 167 [100 N. E. 500], Ann. Cas. 1914A, 901; *Morrison* v. *Hess* [Mo., 231 S. W. 997], 18 A. L. R., 433; *Eltrich* [*Elterich*] v. *Eicht* [*Leicht Real Estate Co.,* 130 Va. 224, 107 S. E. 735], et seq., 18 A. L. R. 441." *Emory* v. *Sweat,* 9 Tenn. App. 167, 176.

■ Under these authorities it is clear that since the clause here did not specifically bind the heirs and assignees of the grantees, that the covenant cannot be held to run with the land.

It results that so much of the Chancellor's declaration as held that the clause was a personal agreement between the grantors and grantees, and might be enforced as such, is affirmed. So much of the Chancellor's declaration as held that the clause constituted a covenant running with the land, is reversed. The cause is remanded to the Chancery Court for entry of a decree in accord with this opinion. The parties will divide the costs of the appeal.