Bruce W. BENTON and wife, Carolyn P. Benton; and Claude E. Stancill and wife, Mary E. Stancill, Appellees,

v.

Roy S. BUSH, Jr., and wife, Vivian E. Bush; Gail A. Reese; Mike Langley, d/b/a Mike Langley Construction Company; First Federal Savings and Loan and Pioneer National Title Insurance Company, Appellants.

Court of Appeals of Tennessee, Eastern Section.

Aug. 12, 1982.

Permission to Appeal Denied by Supreme Court Jan. 24, 1983.

Jerry H. Summers, P.C., Chattanooga, for appellants Roy S. Bush, Jr., and wife, Vivian E. Bush, Gail Reese, Mike Langley d/b/a Mike Langley Const. Co.

W. Neil Thomas, III and Larimore B. Roberts of Thomas, Mann & Gossett, Chattanooga, for appellants Pioneer Nat. Title Ins. Co. and First Federal Sav. and Loan.

J.E. Gervin, Jr. of Chambliss, Bahner, Crutchfield, Gaston & Irvine, Chattanooga, for appellees.

## OPINION

PARROTT, Presiding Judge.

In this chancery cause complainants and defendants are owners of lots in Harrison Point Subdivision. Complainants charge the defendants with violation of restrictive covenants which permit only a single-family dwelling on each lot.

The defendants, Roy S. Bush, Jr. and wife, have appealed from the chancellor's finding that the restrictive covenants prohibit construction of more than one single-family dwelling on the original Lot 26 and the entering of mandatory injunction requiring the removal of the portion of the house that was being constructed.

Harrison Point Subdivision was created by the TVA in the early 1950's. All deeds to the lots in the subdivision contained language similar to the following:

> For the benefit of all purchasers of lots in the Harrison Point Subdivision ... and in order to foster the development and protect the value of said land for private residence purposes, the Grantee
>
> (1) will use the land herein conveyed described as Lot 26, Tract XCR–11:26 of said subdivision for private residence only; ...
>
> (3) will not construct or maintain or cause or suffer to be constructed or maintained on Lot 26, Tract XCR–11:26, any building other than a single-

family dwelling costing not less than $5,000.00.

In 1955 the defendants, Mr. and Mrs. Bush, acquired Lot 26 from Mr. and Mrs. James Barker. Shortly after acquiring Lot 26, the Bushes constructed a house on the property. Lot 26 contains 3.12 acres. It is not the largest nor is it the smallest lot in the 26-lot subdivision.

After receiving approval of the Hamilton County Regional Planning Commission, the Bushes attempted to resubdivide Lot 26 into two tracts—one of 0.64 acres and the other 2.46 acres. The smaller tract was conveyed to the Bushes' daughter, Gail A. Reese, who commenced the construction of a house on the property on or about July 30, 1981. The next day after construction began, complainants gave notice that it was believed the construction was in violation of the restrictive covenants. After the notice, construction ceased and this action was filed.

■ It is well established law in this State that a person owning a body of land may sell portions thereof and make restrictions as to its use for the benefit of himself as well as those to whom he sells. *Laughlin, et al. v. Wagner, et al.,* 146 Tenn. 647, 244 S.W. 475 (1922); *Hamilton v. Broyles,* 57 Tenn.App. 116, 415 S.W. 352 (1967).

■ Restrictive covenants being in derogation of the right of the unrestricted use of the property will be strictly construed. *Lowe v. Wilson,* 194 Tenn. 267, 250 S.W.2d 366 (1952); *Owenby v. Boring,* 38 Tenn. App. 540, 276 S.W.2d 757 (1954).

■ Notwithstanding the law's unfavorable regard toward restrictive covenants and its strict construction of them, such restrictions, like other contracts, will be enforced according to the clearly expressed intention of the parties. *Carr v. Trivett,* 24 Tenn. App. 308, 143 S.W.2d 900 (1940).

■ Appellants argue strenuously that since the restrictions contain no language prohibiting resubdividing, their actions are not in violation of the covenants. Appellants rely heavily on the Supreme Court

case of *Turnley v. Garfinkel,* 211 Tenn. 125, 362 S.W.2d 921 (1962). In the *Turnley* case, the restrictive covenants contained the following language: "Not more than one dwelling shall be built on any lot and maintained thereon at any one time." The Court in the *Turnley* case held:

> Since the covenants in this case contain no express restriction against a resubdivision of any of the lots, they cannot be extended by implication to prevent complainants' re-subdivision of their lot. Nor can such restriction be implied from the conveyance of these lots with reference to this recorded plat showing the dimensions of the lots.

We find the language of the restrictive covenant in this case to be vastly different from the language of the covenant in the *Turnley* case. The *Turnley* restrictive covenant applied to any lot rather than to a specific lot. In the instant case, the restriction refers to "Lot 26, Tract XCR–11:26" (which number indicates the plat and lot number on record in the Register of Deeds Office of Hamilton County). We believe the language in the restrictions in this case means one single-family dwelling on Lot 26.

Further, the preamble on the restrictions in the present case clearly indicate the developer placed the restrictions on the individual lots for the benefit of all purchasers of lots in Harrison Point Subdivision. One of the purposes of imposing restrictive covenants on property is to promote a general plan or scheme for uniform development. Restrictions to protect the beauty of the neighborhood, value of the property, and uniformity are covenants running with the land binding those who purchase lots within the subdivision and are enforceable by the owner of any of the lots so protected by the restrictive covenants. *Turnley v. Garfinkel, supra.*

From the overall language of the restrictions it appears that it was the intent of the developer to assure each lot owner a large amount of privacy and to afford each lot with frontage on or access to Lake Chickamauga. Harrison Point Subdivision is unique in that it is surrounded on three sides by Lake Chickamauga and no doubt the developer wanted to keep the rural atmosphere. Also, we think from the restrictions it was the developer's intention that only a limited number of homes would ever be built in Harrison Point Subdivision.

For the reasons given, we affirm the chancellor's decree and tax the costs to appellants.

GODDARD and FRANKS, JJ., concur.