**Ralph HILLIS and June Hillis,
Plaintiffs/Appellants,**

v.

**Glenn POWERS and Jacqueline Powers,
Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Dec. 1, 1993.

Permission to Appeal Denied by
Supreme Court March 28, 1994.

Keith S. Smartt, Smartt & Dorris, McMinnville, for plaintiffs, appellants.

Larry B. Stanley, Stanley & Bratcher, McMinnville, for defendants-appellees.

## OPINION

CANTRELL, Judge.

This case involves the enforceability of a restrictive covenant contained in a 1962 deed. The plaintiffs, the grantors on the deed, contend that the covenant runs with the land and should be enforceable against the defendants, who are remote grantees of the property originally granted. The position of the defendants is that the covenant was enforceable only against the original grantees, because its terms failed to unambiguously indicate that it was binding on the grantees' successors and assigns. The trial court ruled in favor of the defendants. We reverse, for the reasons set out below.

## I

Ralph Hillis and his wife June, the plaintiffs in this case, operated a service station on Highway 70–S in Warren County. In 1962, they sold a small piece of property adjacent to their station to two couples who are not involved in this suit. The property had a small store building on it. The deed contained a covenant which read as follows:

"This real estate is sold subject to the provissions (sic) that the grantees herein are not to operate, build, a service station or sell any gas. Also the road next to Jesse Hillis line is to be kept open all times by the said grantees or their assigns. The same is in force as to the selling gas and operating a service station and their assigns."

The deed was properly recorded. The Hillis's continued to operate their gas station until they retired, when they leased the station to their children. The new owners of the adjoining property eventually sold it, and it was conveyed several times before it was finally purchased by Glenn and Jacqueline Powers, the defendants in this case. No deed in any of those transactions referred to the restrictions on the property.

■ There is a dispute between the parties as to whether Mr. Hillis told the Powers of the existence of the covenant prior to their purchase of the property. There is no doubt, however, that the covenant was in the Powers' chain of title. We note that the Tennessee Courts will uphold a covenant running with the land if the assignees have actual notice, *or* if the restrictions appear in the chain of title. *Land Developers v. Maxwell*, 537 S.W.2d 904 (Tenn.1976). *Stracener v. Bailey*, 737 S.W.2d 536, 539 (TennApp.1986).

Mr. and Mrs. Powers negotiated with the BP Oil Company to renovate the store building for a BP convenience store. The agreement between the Powers and BP provided for BP to underwrite the renovation and to install underground tanks and gas pumps. Preliminary construction had already begun when the plaintiffs learned of the defendants' plans. Mr. and Mrs. Hillis sued for a temporary injunction to prevent further construction on the site, and for a permanent injunction to prohibit the defendants and their successors and assigns from operating a service station or selling gasoline from the premises.

The case came up for trial on August 21, 1992. After issuing a series of conflicting judgments, the trial judge concluded that the

correct resolution of the case was to order that the road remain open, but to dismiss the plaintiffs' complaint about the sale of gasoline, because they "have not carried the burden of proof to establish that there was a restrictive covenant in existence which ran with the land because the language in the deed was ambiguous and was an attempt to restrain commerce. . . ."

## II

▪ A case remarkably like the current one, *Essary v. Cox,* 844 S.W.2d 169 (Tenn. App.1992), involved the identical question of whether a covenant in a warranty deed restricting the sale of gas and oil was enforceable against the remote grantees of the transferee. In *Essary,* the language of the covenant read as follows:

> "It is expressly understood and agreed that the above-described premises shall not be used for the purpose of any sales of oil and gas supplies or products."

In holding that the covenant did not run with the land, and was therefore not enforceable against the grantees, the court said: "Absent express language indicating that the parties intended for the restriction on the sale of oil and gas products to apply to the parties' successors and assigns, this Court is unwilling to interfere with Defendants' free and unrestricted enjoyment of their property." *Essary* at 172.

The *Essary* court followed the decision in an earlier case, *Lowe v. Wilson,* 194 Tenn. 267, 250 S.W.2d 366 (1952). In *Lowe,* the plaintiffs sought and were granted an injunction to enforce the following covenant against the transferees of the purchasers:

> "It is hereby agreed and understood between the parties hereto that no beer, beverages, or intoxicants of any kind or character shall ever be sold upon the lot or parcel of land herein conveyed, and this agreement is part of the consideration for this sale."

In spite of language implying a perpetual prohibition against the sale of alcoholic beverages on the land, the Supreme Court dissolved the injunction, holding that the failure to specifically bind the heirs and assigns of the transferee(s) prevented the covenant from running with the land.

The current case can be distinguished from both *Lowe* and *Essary* in that the covenant in the deed from Mr. and Mrs. Hillis does mention the assigns of the grantees, and clearly indicates an intention to bind them, at the least to an obligation to keep the road open. The question for this court is whether the reference to the grantees' assigns in the third sentence of the covenant creates an equally binding obligation on them not to sell gasoline and related products from the property in question.

## III

We recognize that the courts of this state have stated on numerous occasions that restrictive covenants are not favored in Tennessee, as being in derogation of the free use and enjoyment of property. *Lowe v. Wilson,* 194 Tenn. 267, 250 S.W.2d 366 (1952). *Shea v. Sargent,* 499 S.W.2d 871 (Tenn.1973). *Parks v. Richardson,* 567 S.W.2nd 465 (Tenn. 1977). *Essary v. Cox,* 844 S.W.2d 169 (Tenn. App.1992).

▪ Notwithstanding the State's preference for the freedom of private owners to use their land as they see fit, the courts will uphold covenants running with the land where the intent of the parties to bind their remote successors can be determined by the language of the covenant and the circumstances of its making. *Ridley v. Haiman,* 164 Tenn. 239, 47 S.W.2d 750 (1932). *Land Developers v. Maxwell,* 537 S.W.2d 904 (Tenn.1976). *Stracener v. Bailey,* 737 S.W.2d 536 (TennApp.1986).

The defendants put great emphasis on a rule of construction that was designed to effectuate the preference of the State for freedom in the use of property over restrictions on its use. In *Parks v. Richardson,* 567 S.W.2d 465 at 468, the court explained the rule by placing it in a context helpful to its interpretation:

> "... any ambiguity in the terms of the covenant or intent of the parties will be resolved against the restriction ... this is the applicable rule of construction rather than the rule that ambiguous contract pro-

visions are construed against the party who wrote them … the latter is a valid rule of construction applied in contract cases in Tennessee."

## IV

The appellee argues that because the meaning of the sentence "The same is in force as to the selling gas and operating a service station and their assigns." is unclear, it must be considered ambiguous, and therefore the court must rule against the enforceability of the covenant. This court is of the opinion that the ambiguity that compels a court to limit the enforceability of a covenant (or of a contract) is of a different type.

The term "ambiguity" has two primary meanings. It can mean doubt or uncertainty in a general way; or it can mean doubt or uncertainty arising from the possibility of the same language being fairly understood in more ways than one. Words and Phrases, Vol. 3 (1993 Supplement, pp. 127–130). We are of the opinion that the second definition is the one that is fatal to a restrictive covenant in a deed.

Turning to the language of the covenant before us, the first sentence, "This real estate is sold subject to the provissions (sic) that the grantees herein are not to operate, build, a service station or sell any gas," clearly affects the immediate grantees only. Just as clearly, the second sentence, "Also the road next to Jesse Hillis line is to be kept open all times by the said grantees or their assigns," is meant to bind both the original grantees and their assignees.

The third sentence is very poorly drawn and requires several readings before its intention can be correctly understood: "The same is in force as to the selling gas and operating a service station and their assigns." The sentence is apparently an afterthought, added to rectify the failure to bind the grantees' assigns in the first sentence. We can find no plausible alternative meaning of the third sentence. If it does not mean that the grantees' assigns are to be bound by the restriction against selling gasoline on the property, as they are bound to keep the road open, then it does not mean anything, and we decline to find that it is mere surplusage.

## V

The appellees advance another argument against the enforcement of the covenant. They argue that even if we hold (as we do) that the restrictive language in the 1962 deed establishes a covenant that runs with the land, the covenant should be considered to have run its course, and to have expired with the passage of thirty years and the retirement of the Hillis's from business.

We agree that no covenant should be interminable, for that would be an unbearable restraint on the free exercise of property rights. We feel, however, that the mere passage of time alone, without a sufficient change of circumstances will not operate to terminate a valid covenant. We have seen in the record of this case no evidence of any such change of circumstances, so we find that the covenant continues to be a viable one.

The lower court's order is reversed, and the cause is remanded to the Chancery Court of Warren County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellees.

TODD, P.J., and KOCH, J., concur.