# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## CNL INSURANCE AMERICA, INC. v. MISTY D. SMITH,  ET AL.

### An Appeal from the Chancery Court for Warren County
### No. 6501; The Honorable Charles Haston, Chancellor

---

### No. M1999-00198-COA-R3-CV - Decided May 5, 2000

---

This appeal arises out of a declaratory judgment action filed by CNL Insurance seeking a determination of its obligations under an automobile insurance policy. The Warren County Chancery Court entered a jury verdict finding CNL liable for coverage under the policy. For the reasons stated herein, we reverse the trial court decision.

**Tenn.R.App. 3; Appeal as of right; Judgment of the Chancery Court is reversed.**

HIGHERS, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and LILLARD, J., joined.

Joseph B. Klockenkemper, II, ORTALE, KELLEY, HERBERT & CRAWFORD, LLP, Nashville, for Appellant, CNL Insurance America, Inc.

B. Timothy Pirtle, McMinnville, for Appellees, Misty D. Smith, et al

### OPINION

### I. Facts and Procedural History

The basic facts of this case are not in dispute. CNL Insurance America, Inc., ("CNL")("Appellant") is a foreign insurance company authorized to transact business in the State of Tennessee. Two of the named defendants in this action, Frank and Sallie Smith, were insured under a personal automobile insurance policy issued by CNL. On October 27, 1995, Misty Smith, the adult daughter of Frank and Sallie Smith, was involved in an automobile accident while driving her mother's vehicle with permission. Michael L. Simons and Jim Simons, also named defendants in the present action, were involved in the accident and subsequently filed a civil action against both Misty and Sallie Smith.

On July 2, 1997, CNL filed the present action seeking a declaration that they were not liable for damages arising out of the aforementioned automobile accident, nor were they obligated to

defend the action on behalf of the Smiths. CNL alleged that it was not liable for coverage because both the application for insurance and the Declaration page listed Misty Smith as an "Excluded Driver." It is undisputed that neither Sallie Smith, as owner of the vehicle, or Misty Smith, as the excluded driver, signed the documents which purported to exclude coverage for Misty. Frank Smith, as a named insured, signed the document denoting his acceptance of the exclusion.

The allegations in the complaint were denied in an answer filed by Michael and Jim Simons. However, no answer was filed on behalf of Frank, Sallie, or Misty Smith. As such, an order of default judgment was entered against those defendants on May 21, 1993. Michael Simons subsequently filed a motion seeking relief from the default judgment entered against Frank, Sallie, and Misty Smith arguing that his answering of the complaint and his interest in the underlying tort action was sufficient to defeat the motion for default judgment.[1]

The case was ultimately presented to a jury. The jury returned a verdict finding that the exclusionary language did not apply, and an order of judgment was accordingly entered against CNL. CNL filed a motion seeking to have the verdict set aside. The motion was denied, and this appeal followed.

## Law and Analysis

CNL has presented numerous issues for this court's consideration. However, we consider all of those issues to be subsumed in the single question of whether the exclusionary language contained in the policy application and declarations page served to preclude coverage. We find the exclusionary language to be applicable, and thus reverse the decision of the trial court.

As an initial matter, we express our reservations as to whether this case should have proceeded to trial. CNL actively sought dismissal of this case through summary judgment, arguing that the only issues to be resolved were pure questions of law. Based on our review of this case, we find that argument to be well-taken. Issues relating to the interpretation of written contracts involve legal rather than factual issues. See Rapp Constr. Co. v. Jay Realty Co., 809 S.W.2d 490, 491 (Tenn. Ct. App. 1991); Taylor v. Universal Tire Inc., 672 S.W.2d 775, 777 (Tenn. Ct. App. 1984). Accordingly, issues relating to the scope of coverage and an insurer's duty to defend likewise present questions of law. See Pile v. Carpenter, 99 S.W. 360, 362 (1907); Pennsylvania Lumbermens Mut. Fire Ins. Co. v. Holt, 223 S.W.2d 203, 206 (1949). These essentially legal questions can be resolved through summary judgment when the relevant facts are not in dispute. See St. Paul Fire & Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 834 (Tenn. 1994); Rainey v. Stansell, 836 S.W.2d 117, 118 (Tenn. Ct. App. 1992).

Rule 56.04 of the Tennessee Rules of Civil Procedure contains two requirements for granting summary judgment. First, there must be no genuine issue with regard to the material facts relevant

---

[1] Although the record does not contain an order addressing the motion to set aside the default judgment, it appears that the motion was granted, insofar as the case proceeded to trial.

to the claim or defense embodied in the motion. <u>Byrd v. Hall</u>, 847 S.W.2d 208, 211 (Tenn. 1993). Second, the moving party must be entitled to a judgment as a matter of law based on the undisputed facts. <u>Anderson v. Standard Register Co.</u>, 857 S.W.2d 555, 559 (Tenn. 1993). Simply stated, there is really no dispute regarding the material facts in the present case. The dispositive question, at least to this court, is whether the purported exclusion was effective. Since this question is purely one of law, the second requirement of Rule 56.04 appears to have been satisfied.

Ultimately, however, there is little practical significance regarding the standard of review which we employ. Even under the standard of review applicable to jury verdicts, namely, whether there is any material evidence to support the jury's decision, <u>See</u> Rule 13(d), T.R.A.P., the outcome would be the same. The overwhelming evidence in this case indicates that the exclusion was in full force and effect.

We must reject any argument that the exclusion is inapplicable due to Sallie Smith's failure to sign the insurance application. Mrs. Smith's deposition testimony clearly shows that she was well aware of the exclusion.

> Q: Did you know that your husband had signed these insurance papers excluding her [Misty Smith] from being covered under your insurance?
> A: At the time I told her she could drive it, I did
>
> . . .
>
> Q: And even though you knew she was excluded, - -
> A: Yes, I knew that.
>
> Q: - - you let her do it anyway?
> A: Yes, sir.

If we are to presume that a person's signature serves as an acknowledgment of the provisions on the page they are signing, Mrs. Smith's failure to sign the application was apparently remedied. Whether her knowledge of the exclusion derived from her signature on the application or from some other source, it is obvious from her testimony that she had full knowledge regarding the exclusion.

The defendants in this case have argued that Sallie Smith's failure to sign the application renders the exclusionary language invalid. If this contention be true, we must question whether there can be any coverage at all. Essentially, the defendants are attempting to have an unfavorable provision dropped from the agreement based on Mrs. Smith's failure to sign the application. In our estimation, such an outcome is untenable. The parties either entered into an insurance contract or they did not. We find no rational basis for concluding that Mrs. Smith's failure to sign the application would allow certain terms of the insurance coverage to fall out, while still providing coverage. We find no reason to allow such "picking and choosing" by the defendants.

A review of the insurance documents leads us to conclude that the exclusionary language was effective.[2] In addition to the fact that the exclusion appears on the application for insurance, Misty Smith is also listed as an excluded drive on the Declaration page. This page contains diverse information relating to the policy. The Declaration page is referenced in the main body of the "policy" under a section entitled "Definitions."[3] Every indication in the record is that the Smiths received exactly what they bargained for. To question whether the application and Declaration page were part of the "policy" would serve only to frustrate the clear intentions of the parties.

There is no ambiguity in the insurance agreement at issue.[4] Sallie Smith simply chose to disregard the fact that her daughter was not covered under the policy of insurance issued by CNL. It was a calculated risk that turned out badly for all involved. Our role is to construe the insurance agreement so as to give effect to the intention and express language of the parties. Blaylock & Brown Construction, Inc. v. AIU Insurance Co., 796 S.W.2d 146, 149 (Tenn. Ct. App. 1990). The exclusion of Misty Smith as an insured was both deliberate and calculated. It was done with the full knowledge of Frank Smith and, at some point, became known to Sallie Smith. The point at which Sallie Smith obtained this knowledge is irrelevant except to note that it happened before the accident. Even if we were to assume that this matter should have been presented to a jury, there is no evidence to support the verdict.

### Conclusion

For the forgoing reasons, the decision of the trial court is reversed, and a judgment is entered in favor of the Appellant, CNL Insurance. Costs of this appeal are taxed to the Appellees, Misty D. Smith, et al, for which execution may issue if necessary.

---

[2] There is much debate in this case regarding the different documents. The application for insurance contains the exclusionary language. CNL argues that this application is part of the "policy." The defendants take the contrary position. There is also a "Declaration" page which lists Misty Smith as an excluded driver. The parties take a similar stance in regard to this document. It is not our endeavor to ascertain what is encompassed by the word "policy." However, insureds should not be able to plead ignorance as to an exclusion where said exclusion appears on numerous documents. This is especially true when one notes that the Declaration page basically contains all important aspects of the agreement, including the policy premium.

[3] The language states:

    A.    Throughout this policy, "you" and "your" refer to:
        1.    The "named insured" shown in the Declarations;

[4] "Ambiguity" in a contract is doubt or uncertainty arising from the possibility of the same language being fairly understood in more ways than one. Hillis v. Powers, 875 S.W.2d 273, 276 (Tenn. Ct. App. 1993).