IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 13, 2025 Session

## ELIZABETH KILLEN v. LINDA M. BOARDMAN

**Appeal from the Circuit Court for Blount County**
**No. 5CC1-2024-L-21514          David Reed Duggan, Judge**

_____

### No. E2024-01544-COA-R3-CV

_____

The defendant landowner appeals the trial court's finding that the restrictive covenants applicable to her property prohibited the construction of a second residence. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II and KRISTI M. DAVIS, JJ., joined.

Taylor E. Cooper, Maryville, Tennessee, for the appellant, Linda M. Boardman.

Elizabeth Killen, Maryville, Tennessee, pro se appellee.

## OPINION

### I.     BACKGROUND

In 1971, the developer of Walnut Hills Estates in Blount County, Tennessee recorded certain restrictions on the land, including the following:

> All tracts shall be used for residential and farming purposes only and not more than one residence shall be erected on one tract.

On that same day, the developer also recorded a subdivision plat, establishing 24 tracts of land. By warranty deed, dated March 10, 1983, Linda M. Boardman ("Defendant") and her late husband purchased Lot 19 in Walnut Hills Estates.

In 2024, Defendant sought the appropriate approvals and re-subdivided her lot into two lots, Lot 19R1 and Lot 19R2, and commenced the building of a second residence on Lot 19R2. Elizabeth Killen ("Plaintiff"), owner of Lot 20 in Walnut Hills Estates, inquired about the new build. Upon learning of the construction of the new residence, Plaintiff filed suit on June 14, 2024, questioning the legality of the new build and requesting a preliminary injunction preventing further progress on the residence. Plaintiff alleged that the construction was in violation of the restrictive covenants and that the placement of the second residence infringed upon her privacy and use and enjoyment of her land.

The matter proceeded to an evidentiary hearing in July 2024, after which the trial court granted a temporary injunction on September 5, and entered a final order on September 6, prohibiting further construction of the second residence and ordering the removal of the completed portions from the property. In so ruling, the trial court found that the developer had a general development plan that implied a promise to tract owners to restrict the property to residential and farming uses and to limit each tract to one residence. The court noted that the lot sizes and shapes were indicative of the developer's intent for the property to be used for residential and farming purposes with one residence on each tract. This timely appeal followed.

## II.    ISSUE

We consolidate and restate the determinative issue on appeal as follows: Whether the trial court erred in finding that the restrictive covenants applicable to Defendant's property prohibited the construction of a second residence on the newly subdivided lot.

## III.    STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV.   DISCUSSION

The courts of this state have stated on numerous occasions that restrictive covenants are not favored in Tennessee, as being in derogation of the free use and enjoyment of property. *Hillis v. Powers*, 875 S.W.2d 273, 275 (Tenn. Ct. App. 1993). "Notwithstanding the state's preference for the freedom of private owners to use their land as they see fit, the courts will uphold covenants running with the land where the intent of the parties to bind their remote successors can be determined by the language of the covenant and the circumstances of its making." *Id.* "[T]he mere passage of time alone, without a sufficient change of circumstances will not operate to terminate a valid covenant." *Id.* at 276.

Citing *Turnley v. Garfinkle*, 362 S.W.2d 921 (Tenn. 1962), Defendant maintains that her division of the original tract permits the construction of the new residence in accordance with the restrictive covenants. In *Turnley*, our Supreme Court held that a restrictive covenant in the recorded plat limiting one dwelling to each tract of land did not prevent the establishment of a new dwelling on a re-subdivided lot when the developer did not demonstrate a general plan or scheme for the neighborhood. 362 S.W.2d at 924. In so holding, the Court noted that the lots in the neighborhood were not of uniform size. *Id.* Defendants note that like *Turnley*, the restrictions at issue here were not specifically listed in each deed for each individual tract. *Cf. Benton v. Bush*, 644 S.W.2d 690 (Tenn. Ct. App. 1982) (holding that an owner could not avoid the single-family dwelling restriction by re-subdividing because each of the deeds conveying title included the restrictions); *see also Jones v. England*, 870 S.W.2d 525 (Tenn. Ct. App. 1993) (citing *Benton* for the holding that a deed conveying title that included the restrictions prevented the construction of a new residence on a subdivided lot).

The circumstances presented here do not fit within the holdings established by *Turnley*, *Benton*, or *Jones*. The restrictions at issue were not contained within each individual deed like in *Turnley*. However, the tracts are of uniform shape and similar size, indicating a development scheme not present in the *Turnley* case. *Turnley*, 362 S.W.2d at 924 (finding "no neighborhood scheme for having lots of uniform size"). The developer here also limited each tract to residential *and* farming purposes with not more than one residence per tract. The trial court aptly stated,

> Restriction of each tract to only one residence facilitates the use of the property for a combined residential and farming purpose[] and maximizes the amount of the property that may be utilized for agricultural purposes. Indeed, the very layout of the tracts themselves, comparatively long and narrow, ranging from the smallest tract of 115 feet by 503 feet deep, to the largest tracts being 118 feet by 883 feet and 112 feet by 925 feet, lends itself to the importance of the intended agricultural component of this particular subdivision development.

- 3 -

We, like the trial court, believe that "the layout of these tracts was significant in conveying the developer's intention." Further, the warranty deed conveying the lot to Defendant specifically referenced the recorded subdivision plat for Walnut Hills Estates. When a developer sells land with restrictions designed to implement a general plan of development, he "impliedly represents to the purchasers that the rest of the land included in the plan is, or will be, similarly restricted." *Lutzak v. Phoenix Am. Dev. Partners, L.P.*, No. M2015-02117-COA-R3-CV, 2017 WL 4685300, at *6 (Tenn. Ct. App. Oct. 18, 2017) (quotation and citations omitted).[1] In consideration of the foregoing, we uphold the trial court's finding that the restrictive covenants applicable to Defendant's property prohibited the construction of a second residence on the newly subdivided lot.

## V. CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court and remand for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Linda M. Boardman.

_____
JOHN W. MCCLARTY, JUDGE

---

[1] Defendant suggests that Plaintiff cannot rely on the general plan doctrine because Plaintiff, at one time, also sought to build a second residence on her property. Defendant's argument misses the point— Plaintiff ultimately did not build the second residence in deference to the recorded restrictions applicable to the property in Walnut Hills Estates.