IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
OCTOBER 12, 2000 Session

## GENERAL BANCSHARES, INC. v. VOLUNTEER BANK & TRUST

**Appeal from the Chancery Court for Marion County**
**No.6357      John W. Rollins, Judge by designation**

———————————

**No. M2000-00231-COA-R3-CV - Filed November 30, 2000**

———————————

The Plaintiff, General Bancshares, Inc., filed a declaratory judgment action asking the Trial Court to declare a restrictive covenant in its warranty deed unenforceable. Defendant Volunteer Bank & Trust's predecessor in title of the property at issue originally placed the restriction on the property several years ago. Plaintiff contends, among other arguments, that the restrictive covenant does not bind it as a remote grantee because the restrictive clause does not contain specific "successors and assigns" language. Both parties filed Motions for Summary Judgment, and the Trial Court granted Defendant's Motion. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3; Judgment of the Chancery Court Affirmed**; **case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J. and CHARLES D. SUSANO, JR., J. joined.

C. Dewees Berry, IV, and Susan W. Foxman, Nashville, Tennessee, for the appellant, General Bancshares, Inc.

Tracy C. Wooden, Chattanooga, Tennessee, for the appellee, Volunteer Bank & Trust.

**OPINION**

1

## Background

This suit arises from a dispute regarding a restrictive covenant on a parcel of property (hereafter "Property") located in the Town of Powell's Crossroads. Plaintiff, General Bancshares, Inc., is the current owner of the Property. Plaintiff filed this declaratory judgment action, asking the Trial Court to find that a restriction in its warranty deed (hereafter "Restrictive Covenant") was not enforceable. Defendant, Volunteer Bank & Trust, is a successor to the previous owner of the Property, Marion Trust & Banking Company. In 1989, Marion Trust & Banking sold the Property to the Town of Powell's Crossroads, a municipality, with the Restrictive Covenant being contained in that warranty deed.

The relevant portions of the warranty deed for the 1989 conveyance are as follows:

MARION TRUST & BANKING COMPANY, has this day bargained
and sold, and does hereby sell, transfer and convey unto

TOWN OF POWELL'S CROSSROADS,

its successors and assigns, the following described real estate situated
in the Third Civil District of Marion County, Tennessee, and more
particularly described as follows, to-wit:

\* \* \* \* \* \* \* \*

RESTRICTION: This property may not be used by
any financial institution as a place of business for a
period of twenty-five (25) years from the date hereof.

The Restrictive Covenant immediately follows the description of the Property and a clause setting forth an exception to the property description.

Thereafter, the Property was conveyed three more times before the conveyance to Plaintiff in 1998. Throughout these conveyances, the Restrictive Covenant remained in the chain of title, albeit with a few changes. After the initial conveyance in 1989, the Property was acquired in 1996 by NPF X, Inc., by warranty deed which contained the verbatim language of the Restrictive Covenant. Later that same year, the Property was sold to Star Health Services, Inc., and the property description attached to the warranty deed contained a restriction which was identical to the Restrictive Covenant except that it stated "*a* financial institution" instead of "*any* financial institution." In 1997, Eddie and Pamela Mooneyham bought the Property by special warranty deed which contained a restriction identical to the one found in Star Health's warranty deed, except that it stated that the 25-year restriction began running on the date of the most recent transfer in October, 1996.

In 1998, Plaintiff purchased the Property from the Mooneyhams who are not a party to this litigation. Plaintiff's warranty deed, in pertinent part, states as follows:

> WE, EDDIE D. MOONEYHAM and wife, PAMELA J. MOONEYHAM, do hereby sell, transfer and convey unto
>
> GENERAL BANCSHARES, INC., a Tennessee Corporation its successors and assigns, the following described real estate, situated in the Third Civil District of Marion County, Tennessee, and more particularly described as follows, to-wit:
>
> * * * * * * * *
>
> > RESTRICTIONS: This property may not be used by a financial institution as a place of business for a period of Twenty-five (25) years from the date of the conveyance from Marion Trust & Banking Company to the Town of Powell [sic] Crossroads dated April 12, 1989, and recorded on July 10, 1990, in Deed Book 141, Pages 217, et seq., Register's Office of Marion County, Tennessee.

As in the 1989 warranty deed, the Restrictive Covenant immediately follows the description of the Property.

Plaintiff and Defendant each filed a Motion for Summary Judgment. The Trial Court granted Defendant's Motion for Summary Judgment. Plaintiff appeals.

## Discussion

On appeal, Plaintiff argues that the Restrictive Covenant is not enforceable for the following reasons: 1) the Restrictive Covenant itself does not contain the "successors, and assigns" language; 2) the restriction does not run with the land because it does not confer a corresponding benefit on another particular parcel of land; 3) the restriction is not enforceable as an equitable servitude because the Property is not part of a common development plan; and 4) Defendant is not a third party beneficiary to the Restrictive Covenant because the Mooneyhams did not intend to benefit Defendant with the restriction contained in the 1998 warranty deed.

Defendant does not dispute the Trial Court's decision. Defendant contends that the plain language of the Restrictive Covenant and the format of the 1989 warranty deed is proof of the intent of the original grantor and grantee to bind remote grantees such as Plaintiff. Defendant also argues that the Restrictive Covenant is enforceable against Plaintiff because Plaintiff had actual notice of the restriction and because the Restrictive Covenant was in the chain of title. Alternatively,

Defendant argues that the Restrictive Covenant is enforceable as an equitable servitude.

Our Supreme Court outlined the standard of review of a motion for summary judgment in *Staples v. CBL & Assoc.*, 15 S.W.3d 83 (Tenn. 2000), as follows:

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd,* 847 S.W.2d at 215.
>
> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.
>
> The standards governing the assessment of evidence in the summary

judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

*Staples*, 15 S.W.3d at 88-89.

The record before us contains no genuine issues of material fact. The parties do not dispute that the Restrictive Covenant is found in the 1989 warranty deed and again in the 1998 warranty deed. The parties do not dispute the language or format of the warranty deeds.

The Restrictive Covenant at issue is a "property [interest] that run[s] with the land." *Maples Homeowners Ass'n v. T&R Nashville Ltd. P'ship*, 993 S.W.2d 36, 38 (Tenn. Ct. App. 1998). It is true that Tennessee law does not favor restrictions on the free use of real property by private owners. *Hicks v. Cox*, 978 S.W.2d 544, 548 (Tenn. Ct. App. 1998); *Hillis v. Powers*, 875 S.W.2d 273, 275 (Tenn. Ct. App. 1993). However, this Court has held that restrictive covenants will be enforced under certain circumstances, holding that:

> the courts will uphold covenants running with the land where the intent of the parties to bind their remote successors can be determined by the language of the covenant and the circumstances of its making.

*Hillis*, 875 S.W.2d at 275 (citations omitted). In explaining the analysis that courts must make when asked to enforce a restrictive covenant, this Court held that:

> [t]he court is required to give a fair and reasonable meaning to restrictive covenants in order to determine the parties' intention and once the intention of the parties is ascertained, the covenant will be enforced, provided it serves a legitimate purpose and does not constitute a nuisance per se.

*Jones v. Englund*, 870 S.W.2d 525, 529 (Tenn. Ct. App. 1993) (quoting *Waller v. Thomas*, 545 S.W.2d 745, 747 (Tenn. Ct. App. 1976)).

As a general rule, courts will strictly construe restrictive covenants. *Hicks*, 978 S.W.2d at 548. When interpreting unambiguous restrictive covenants, courts are to give the words of the covenant their "usual and ordinary meaning." *Id.* at 547. This Court has held that:

> [Restrictions on land] arise . . . from a series of overlapping

5

> contractual transactions . . . . Accordingly, they should be viewed as contracts, . . . and they should be construed using the rules of construction generally applicable to the construction of other contracts.

*Maples Homeowners Ass'n*, 993 S.W.2d at 39 (citations omitted). If the restrictive covenant is "'reasonable and unambiguous, there is no need to seek further clarification outside its language.'" *Hicks,* 978 S.W. 2d at 548 (quoting *Shea v. Sargent*, 499 S.W.2d 871, 874 (Tenn. 1973)). However, if the language in a restriction is ambiguous, the courts will construe that provision against the drafter of the restriction. *Hillis*, 875 S.W.2d at 275-76 (citation omitted).

We reject Plaintiff's contention that the Restrictive Covenant does not apply to remote grantees because the clause itself does not contain "successors and assigns" language. We hold that the plain language of the Restrictive Covenant is unambiguous and clearly indicates the intent of the original parties to bind successors and assigns like Plaintiff. *See Hicks*, 978 S.W.2d at 548 (holding that "the overriding factor is the intent of the parties"). The "successors and assigns" language in the 1989 warranty deed is found in the sentence immediately preceding a large, fully-indented portion of the warranty deed which is set off by a colon. Contained in this fully-indented section is: 1) a description of the Property; 2) an exception to the property description; 3) the Restrictive Covenant; and 4) a reference to a previously-recorded deed regarding the same Property. The placement of the Restrictive Covenant within the umbrella of the colon clearly shows that the original parties intended for the "successors and assigns" language to be a part of the Restrictive Covenant.

The plain language of the Restrictive Covenant indicates that the original grantor and grantee intended for it to apply to remote grantees. The Restrictive Covenant prohibits "*any* financial institution" from using the Property as a place of business "for a period of twenty-five (25) years from the date hereof." When coupled with the format of the warranty deed, the "clear and ordinary meaning" of this language clearly indicates that the intent of the original parties was to bind remote grantees such as Plaintiff to the Restrictive Covenant. *See Hicks*, 978 S.W.2d at 548.

Moreover, the language of the restriction in the 1998 warranty deed is proof that Plaintiff understood that the Restrictive Covenant applied to it as a remote grantee. Plaintiff's deed clarified the date of the beginning of the twenty-five year term, stating, in pertinent part, as follows: "for a period of twenty-five (25) years from the date of the conveyance from Marion Trust & Banking Company to the Town of Powell Crossroads dated April 12, 1989 . . . ." As discussed, the deeds between the 1989 and 1998 conveyances did not make this point clear. Although this clarifying language cannot be used to show the intention of the original parties, it is proof that Plaintiff understood the plain language of the Restrictive Covenant to bind the successors and assigns of the original grantee.

In support of its argument that to run with the land and bind remote grantees, the Restrictive Covenant itself must contain the "successors and assigns" language, Plaintiff relies heavily upon two decisions, *Lowe v. Wilson*, 250 S.W.2d 366 (Tenn. 1952), and *Essary v. Cox*, 844

6

S.W.2d 169 (Tenn. Ct. App. 1992). Plaintiff's argument fails because the restrictive covenants in those cases are readily distinguishable from the one at issue. Our Supreme Court in *Lowe* found that a covenant which forbade the sale of intoxicating beverages was not enforceable against remote grantees because it "did not specifically bind the heirs and assignees of the grantees." *Lowe*, 250 S.W.2d at 368. The restrictive clause in *Lowe* is as follows:

> *It is hereby agreed and understood between the parties hereto* that no beer, beverages, or intoxicants of any kind or character shall ever be sold upon the lot or parcel of land herein conveyed, and *this agreement is a part of the consideration for this sale.*

*Id.* (emphasis added). The *Lowe* court held that the language of the restriction showed that this clause was merely a personal agreement between the original parties. *Id.* at 368. Similarly, this Court in *Essary v. Cox* found that a restriction which forbade the sale of oil and gas supplies was not enforceable against remote grantees because the language showed that it was a personal agreement between the original grantors and grantees. *Essary*, 844 S.W.2d at 172. The restriction in *Essary* states as follows:

> *It is expressly understood and agreed* that the above-described premises shall not be used for the purpose of any sales of oil and gas supplies or products.

*Id.* at 170 (emphasis added). Unlike the restrictions found in *Lowe* and *Essary*, the plain language of the Restrictive Covenant in this matter does not indicate solely a personal agreement between the original parties. In contrast, the Restrictive Covenant contains broader language such as "any financial institution . . . ." Additionally, the Restrictive Covenant binds remote grantees since, as discussed, it is part of the sentence that contains the "successors and assigns" language.

We also reject Plaintiff's argument that under the facts of this case, the Restrictive Covenant, to be binding, must benefit another specific tract of land. Plaintiff concedes that there is no Tennessee case law which directly supports this argument, and we do not find the authority cited by the Plaintiff to be persuasive. *But see Ridley v. Haiman*, 47 S.W.2d 750, 755 (Tenn. 1932) (citation omitted) (discussing the rule that restrictive covenants are enforceable where the common vendor intended that the restriction would benefit all of the parcels of land of a subdivision); *Leach v. Larkin*, No. 919193, 1993 WL 377629, at * 3 (Tenn. Ct. App. Sept. 24, 1993) (citations omitted) (holding that a property owner who subdivides and sells parts of a tract of land may include restrictive covenants which benefit both the property owner and the purchasers of the subdivided portions of the tract). While disagreeing with Plaintiff's assertion that the Restrictive Covenant must benefit another particular tract of land to be enforceable, Defendant argues that the Restrictive Covenant does benefit other tracts of land owned by Defendant and its predecessor. Affidavits submitted by Plaintiff in support of its Motion for Summary Judgment show that Defendant and its predecessor own other land used for banking purposes. The intention of the original parties is clear from the language of the 1989 Warranty Deed, and that intention was to prohibit any financial institution from using the property as a place of business. Although Defendant's properties owned

7

at the time of the 1989 deed and at the time of the lawsuit are not adjacent to the Property, the intention of the parties to protect those properties from any financial institution being operated on the Property is clear.

Accordingly, we hold that the Restrictive Covenant is enforceable against Plaintiff and that the Trial Court did not err in granting summary judgment to the Defendant. Additionally, in light of our holding, we find Plaintiff's argument concerning whether Defendant is a third-party beneficiary to the Restrictive Covenant to be moot. Likewise, our holding renders it unnecessary to address Plaintiff's argument that the restriction is not enforceable as an equitable servitude because the property is not part of a common development plan.

## Conclusion

The judgment of the Trial Court is affirmed, and this matter remanded for further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. Costs of this appeal are taxed to the Appellant, General Bancshares, Inc., and its surety.

_____
D. MICHAEL SWINEY, JUDGE