IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 16, 2015 Session

**BRENTWOOD CHASE COMMUNITY ASSOCIATION
v. TRIET TRUONG, ET AL.**

**Appeal from the Chancery Court for Davidson County
No. 131518III      Ellen H. Lyle, Chancellor**

_____

**No. M2015-00192-COA-R3-CV – Filed June 23, 2016**
_____

Suit to enforce restrictive covenants in a residential subdivision. The homeowners association filed suit alleging that a resident was conducting commercial activity in violation of the restrictive covenants. The trial court granted the association's motion for summary judgment in part, enjoining the resident from conducting the activity and awarding the association attorneys fees. On appeal, the resident seeks a reversal of the determination that the activity in which she was engaged violated the covenant; the association appeals the denial of summary judgment on the additional ground on which the motion was based. Finding no error, we affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Andy Maloney, Nashville, Tennessee, for the appellant, Tiffany Curtiss.

Alvin L. Harris, Nashville, Tennessee, for the appellee, Brentwood Chase Community Association.

## I. FACTUAL AND PROCEDURAL HISTORY

This case comes before us for the second time. The history and pertinent facts are set forth in the first opinion:

The appellant, Tiffany Curtiss, is the occupant of a home in the Brentwood Chase Community. The Brentwood Chase Community Association filed this lawsuit against Ms. Curtiss asserting she violated sections 14.02(e), (h) and (m) of the Declaration of Brentwood Chase Community by conducting commercial activity at the home and parking a commercial trailer on the property. On June 6, 2014, the trial court entered a partial summary judgment holding that Ms. Curtiss had violated section 14.02(h) of the declaration but had not violated section 14.02(m). The trial court did not rule on the association's claim regarding violation of section 14.02(e). On June 20, 2014, the association filed a motion for entry of an injunction and for attorney's fees and expenses. Ms. Curtiss filed her notice of appeal on July 3, 2014. On August 25, 2014, the trial court entered a permanent injunction and awarded the association attorney's fees in the amount of $12,271.51. The order also provided:

[P]ursuant to Tennessee Rule of Civil Procedure 54.02, this is a final order on the plaintiff's claims for relief pursuant to sections 14.02(h) and (m) of the Declaration. By making this portion of the case final, Defendant now has a final order from which to take an appeal ...

Lastly, for clarification, Plaintiff's claims for redress of Defendant Curtiss's violation of section 14.02(e) remain pending, and it is ordered that to avoid dismissal of that claim for failure to prosecute Plaintiff must dispose of the claim by entry of a ruling on a dispositive motion, or completion of a

---

[1] Tenn. R. Ct. App. 10 states:

This court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

bench trial on or before February 11, 2015.

*Brentwood Chase Cmty. Assn v. Truong*, No. M2014-01294-COA-R3-CV, 2014 WL 5502393, at *1 (Tenn. Ct. App. Oct. 30, 2014) (footnote omitted). Holding that the order was not final for purposes of appeal, we reversed that portion of the order which directed the entry of a final judgment, dismissed the appeal without prejudice, and remanded the case for further proceedings. On remand the Association voluntarily dismissed the claim under section 14.02(e), and Ms. Curtiss timely filed her notice of appeal.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The party seeking summary judgment "bears the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Armoneit v. Elliot Crane Service, Inc.*, 65 S.W.3d 623, 627 (Tenn. Ct. App. 2001). We view the evidence in favor of the non-moving party by resolving all reasonable inferences in its favor and discarding all countervailing evidence. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). "Because the grant or denial of a motion for summary judgment is purely a matter of law, our standard of review is *de novo* with no presumption of correctness." *Roberts v. Bailey*, 470 S.W.3d 32, 37 (Tenn. 2015) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). Thus, our task is to review the record in order to determine whether the requirements set forth in Tenn. R. Civ. P. 56 have been met. *Roberts*, 470 S.W.3d at 37.

## III. DISCUSSION

### A. Section 14.02(h)

Section 14.02(h) states the following:

No commercial, industrial, recreational or professional activity as defined in any applicable Zoning Ordinance shall be pursued on any Unit at any time.

Ms. Curtiss does not contend that there are material facts in dispute. In reliance on *Roberts v. Bridges*, No. M2010-01356-COA-R3-CV, 2011 WL 1884614 (Tenn. Ct. App. May 17, 2011), she argues that the trial court erred in holding that her activities constituted commercial activity.

3

The pertinent paragraphs of Brentwood Chase's Statement of Undisputed Facts and Ms. Curtiss' responses thereto relative to this issue are the following:

3.  Defendant Curtiss owns a large commercial trailer which she uses in her catering business called "Morsel." Deposition of Tiffany Curtiss (hereinafter "Curtiss Depo.") p. 10, lines 19-21; p. 21, lines 8-18 (excerpts and exhibits from Ms. Curtiss' deposition are attached as Exhibit B to the Association's Memorandum of Law in Support of Motion for Summary Judgment).

**Answer:**
Admitted.
\*\*\*
6.  Section 14.02 h. of the Declaration states in part: "No commercial, industrial, recreational or professional activity as defined in any applicable Zoning Ordinance shall be pursued on any Unit at any time." See excerpts of Declaration attached as Exhibit A to Association's Memorandum of Law in Support of Motion for Summary Judgment.

**Answer:**
Defendant Curtiss admits that the Declaration has the cited paragraph. However, the Defendant Curtiss does not agree with Plaintiff's interpretation of the stated paragraph.

7.  When defendant Curtiss brings the trailer to Brentwood Chase, she transfers food and other items from the house to the trailer. Curtiss Depo. p. 27, line 1 - p. 28, line 3 (excerpts and exhibits from Ms. Curtiss' deposition are attached as Exhibit B to the Association's Memorandum of Law in Support of Motion for Summary Judgment).

**Answer:**
Defendant Curtiss admits to these actions, but these actions do not constitute the engagement of "commercial, industrial, recreational or professional activity."

8.  Defendant Curtiss and others also clean the trailer within Brentwood Chase so that it will meet health department inspections for her catering jobs. Curtiss Depo. p. 23, line 1 - p. 24, line 14 (excerpts and exhibits from Ms. Curtiss' deposition are attached as Exhibit B to the Association's Memorandum of Law in Support of Motion for Summary Judgment).

4

**Answer:**
Defendant Curtiss admits to these actions, but these actions do not constitute the engagement of "commercial, industrial, recreational or professional activity."

9. Defendant Curtiss also organizes items within her catering trailer while it is parked in Brentwood Chase. Curtiss Depo. p. 51, line 19 p. 52, line 10 (excerpts and exhibits from Ms. Curtiss' deposition are attached as Exhibit B to the Association's Memorandum of Law in Support of Motion for Summary Judgment).

**Answer:**
Defendant Curtiss admits to these actions, but these actions do not constitute the engagement of "commercial, industrial, recreational or professional activity."

Brentwood Chase relied on the deposition testimony of Ms. Curtiss in which she admits to conducting the following activities while the trailer was at her residence: cleaning out the trailer to meet health code inspections; transferring specialty food items, platters, and cleaning materials from the residence to the trailer; and organizing items in the trailer.

Ms. Curtiss' reliance on *Roberts* is misplaced. In *Roberts*, the issue before the court was whether the parking of commercial vehicles on a residential property violated a covenant providing that all lots in the subdivision be used for "residential purposes only" where commerce was not actually occurring on the premises. The court recognized "a distinction between prohibited commercial uses and permissible incidental uses" and concluded that the activity at issue was a commercial use incidental to the principal use of the property as a residence, and the extent and nature of the use violated the covenant. *Roberts*, 2011 WL 1884614 at *8-9. In the present case, however, the covenant at issue is a specific prohibition against *any* commercial activity. The activities that Ms. Curtiss acknowledges in her response to the statement of material facts and in her deposition are a part of her conduct in managing her catering business. The question before the court is not, as in *Roberts*, whether the activities are incidental to the use of the property as a residence but, rather, whether they are commercial in nature. Upon the record presented, the trial court correctly concluded that Brentwood Chase was entitled to summary judgment on the Section 14.02 (h) claim.[2]

---

[2] In its brief on appeal Brentwood Chase cites Metropolitan Code § 17.16.250D as the zoning ordinance which Ms. Curtiss' activities violated.

5

**B. Section 14.02(m)**

The trial court stated the following in the order denying summary judgment as to Section 14.02(m):

> 2. The Association's motion for summary judgment is denied with respect to its claim that defendant Curtiss has violated Section 14.02 m. of the Declaration which provides:
>
> *No Owner or occupant shall leave any non-operating vehicle, trailer, boat, camper, commercial vehicle, any vehicle not currently registered and licensed or any vehicle having invalid and expired state motor vehicle inspection sticker on or about the Property except if entirely enclosed in a garage.*
>
> The Court adopts the argument of defendant Curtiss on this issue and holds that the term "non-operating" within Section 14.02 m. applies to all vehicles listed in that restriction. Because defendant Curtiss' vehicles have at all times been operable, the court finds that she has not violated this restriction.

Brentwood Chase contends that the court erred in adopting Ms. Curtiss' interpretation of Section 14.02(m).

Courts construe restrictive covenants strictly against interfering with the landowner's use of the property and will resolve any doubts in favor of the unrestricted use of the property. *Arthur v. Lake Tansi Village, Inc.*, 590 S.W.2d 923, 927 (Tenn. 1979); *General Bancshares, Inc. v. Volunteer Bank & Trust*, 44 S.W.3d 536, 540 (Tenn. Ct. App. 2000). Courts will "refrain from extending a restrictive covenant to any activity not clearly and expressly prohibited by its plain terms." *Roberts v. Bridges*, No. M2010-01356-COA-R3-CV, 2011 WL 1884614, at *6 (Tenn. Ct. App. May 17, 2011) (citing *Turnley v. Garfinkel*, 211 Tenn. 125, 130, 362 S.W.2d 921, 923 (1962); *Beacon Hills Homeowners Ass'n, Inc., v. Palmer Props., Inc.,* 911 S.W.2d 736, 739 (Tenn. Ct. App. 1995)).

> Courts will also construe a restrictive covenant's terms in light of the context in which they appear. When they can reasonably be construed more than one way, the courts will adopt the construction that advances the unrestricted use of the property. The courts will also resolve ambiguities against the party seeking to enforce the restriction, and finally they will resolve all doubts concerning a covenant's applicability against applying the covenant.

*Barnett v. Behringer,* No. M1999-01421-COA-R3-CV, 2003 WL 21212671, at \*4 (Tenn. Ct. App. May 27, 2003) (internal citations omitted).

Section 14.02(m) is subject to two interpretations. The word "non-operating" is a modifier which, in context, can be read to apply to only the first item listed in the restriction or to each of them. The trial court adopted the latter interpretation and held that, since the trailer was not a "non-operating commercial vehicle," Ms. Curtiss was not in violation of Section 14.02(m). The interpretation adopted by the trial court advances the unrestricted use of the property in question by only prohibiting vehicles which are not operating from the property. Adopting the interpretation that advances the least restrictive use of the property, the trial court did not err in denying summary judgment on this ground.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed in all respects. The case will be remanded for such further proceedings as may be necessary to implement the orders of the trial court.

_____
RICHARD H. DINKINS, JUDGE

7