IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 4, 2023

## RUSSELL W. RIVERS ET AL. V. TRAVIS BROOKS ET AL.

**Appeal from the Chancery Court for Carter County**
**No. C220269    John C. Rambo, Chancellor**

_____

**No. E2023-00506-COA-R3-CV**

_____

This case concerns a "Declaration of Additional Restrictive Covenants" applicable to an unimproved tract in a residential subdivision. In relevant part, the Declaration provides that, if a construction agreement could not be reached, the buyer is required to either (1) obtain a waiver of the exclusive builder provision, or (2) re-convey the property to seller at the original purchase price, excluding fees and costs. Here, Appellant/seller and Appellees/buyers could not agree on the building costs. The trial court determined that Appellant breached the Declaration and waived the right to enforce it when he failed to grant Appellees' request for waiver of the exclusive builder provision and also refused to re-purchase the lot. Discerning no error, we affirm.

**Tenn. R. App. P. Rule 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, II, J., joined.

James H. Price and Michael R. Franz, Knoxville, Tennessee, for the appellants, Travis Brooks and Construction Partners, LLC.

David W. Bush, Elizabethton, Tennessee, for the appellees, Russell W. Rivers and Cindy C. Rivers.

### MEMORANDUM OPINION[1]

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be

# I. Background and Procedural History

The relevant facts are not disputed. Travis Brooks is the owner of Construction Partners, LLC ("Construction Partners," and together with Mr. Brooks, "Appellants").[2] In July 2021, Mr. Brooks purchased six unimproved tracts (Nos. 4 through 9) in the Orchard Estates Subdivision (the "Subdivision"), which is located in Carter County, Tennessee. The Subdivision is subject to a Declaration of Restrictive Covenants executed in June 2021. On December 16, 2021, Mr. Brooks executed a "Declaration of Additional Restrictive Covenants" (the "Declaration") and recorded it with the Carter County Register of Deeds. Paragraph 1 of the Declaration, which (in addition to the June 2021 covenants) was to govern Mr. Brooks' six tracts, provides:

> Construction Partners, LLC shall be the sole and exclusive home builder with respect to the Property. Each owner of a tract or lot by acceptance of a deed therefor, and whether or not it shall be so expressed in such deed, is deemed to covenant and agree to use Construction Partners, LLC as his/her/its builder. Construction on each separate tract or lot must commence within one (1) year after closing of the purchase of the particular tract or lot. In the event said parties shall be unable to reach a construction agreement satisfying the provisions of this Paragraph 1 and acceptable to both parties, the owner of the tract or lot shall either (i) obtain a waiver from Construction Partners, LLC waiving its rights as the exclusive builder as to that specific tract or lot or (ii) convey the tract or lot to Construction Partners, LLC for the same purchase price (excluding fees and costs) as originally paid by the owner of the tract or lot. Until such time as the initial dwelling and related improvements have been constructed on any given tract or lot purchased from the Owner, Construction Partners, LLC shall have a first right of refusal to purchase tracts or lots within the Property. In the event Construction Partners, LLC, in its sole and absolute discretion, agrees to waive this right for any reason, said waiver shall neither prohibit Construction Partners, LLC from granting, nor obligate it to grant, a waiver to any other owner.

On December 30, 2021, Russell W. Rivers and Cindy C. Rivers (together, the "Rivers," or "Appellees") purchased tract 7 of the Subdivision (the "Property") from Mr. Brooks for $34,000. The Rivers were aware of the Declaration when they purchased the Property, and they presented Appellants with an architectural plan for construction of a 2,300-square-foot. The Rivers estimated a construction cost of approximately $600,000.00; Appellants proposed a construction cost of $1,054,000.00. Unable to agree on the construction price, by letter dated May 6, 2022, the Rivers' legal counsel requested

---

cited or relied on for any reason in any unrelated case.

[2] Appellants may be referred to jointly as "Mr. Brooks" in this opinion.

a waiver of the Declaration provision requiring them to use Construction Partners and requested a written response within 30 days. The parties did not reach an agreement regarding a waiver, and the Rivers offered to re-convey the property to Mr. Brooks for the purchase price of $34,000.00 as provided by the Declaration.[3] Mr. Brooks refused the Rivers' offer to re-convey the property.

On September 29, 2022, the Rivers filed a complaint to quiet title and for a declaratory judgment in the Chancery Court for Carter County (the "trial court"). In their complaint, the Rivers sought findings that Mr. Brooks had waived the right to enforce the Declaration and that they owned the Property free of any conditions of the Declaration. Furthermore, the Rivers sought a ruling that the Declaration is void and unenforceable as against public policy and as an unconscionable restraint on the use of property. Finally, the Rivers asserted a claim for breach of contract and sought damages, attorney's fees, and costs.

On February 17, 2023, the parties filed stipulations of fact for trial, and the trial court heard the matter on February 23. By order of March 9, 2023, the trial court found the Rivers' testimony regarding bids by other contractors and the reasonable cost to construct the proposed home to be more credible than Mr. Brooks' testimony. Accordingly, the trial court found that the Rivers' refusal to accept Mr. Brooks' proposed construction costs was "reasonable." The trial court determined that, "having reached a reasonable impasse[]" with respect to construction costs, the Declaration required Mr. Brooks either to waive the exclusive contractor provision or to repurchase the tract from the Rivers at the original purchase price, excluding fees and expenses. The trial court found that Mr. Brooks violated the terms of the Declaration because he "did neither[.]" It further determined that Mr. Brooks' failure to repurchase the Property as required by the Declaration constituted a waiver of Appellants' right: (1) to be the exclusive builder for the Property; (2) to require construction to commence within one year of purchase; (3) to repurchase the tract; and (4) of first refusal to purchase the tract.

The trial court held the Declaration was "null and void and of no further force and effect with respect to Tract 7[.]" As such, the trial court held that: (1) the Rivers were "free to contract with any builder of their choosing"; (2) the Rivers were entitled to sell the Property to any purchaser "free of" the Declaration; (3) the Rivers and their successors would not be "bound in any respect" by the Declaration. Based on these holdings, the trial court awarded attorney's fees and costs to the Rivers and dismissed the remaining causes of action set out in their complaint. Mr. Brooks filed a timely notice of appeal. No transcript of the hearing in this matter was transmitted to this Court; however, in July 2023,

---

[3] The Rivers assert that Mr. Brooks failed to respond in writing to their request for a waiver. Mr. Brooks does not dispute their assertion, and the record contains no response. At trial, the parties stipulated that they "were unable to reach an agreement for a waiver."

the trial court approved a Tennessee Rule of Appellate Procedure 24(c) statement of the evidence.

## II. Issues Presented

Mr. Brooks raises the following issue for review, as stated in his brief:

Whether the trial court erred in finding that [Appellants] waived the provisions of the Declaration of Additional Restrictive Covenants for Tract 7 of the Orchard Estates Subdivision, when the parties were unable to reach agreement either on a waiver of the additional restrictions or on a sale of Tract 7 back to [Appellants].

The Rivers phrase the issues as:

Whether the Trial Court erred in finding that the Appellants waived the right to enforce the Additional Restrictive Covenants for the Orchard Estates Subdivision with respect to Tract 7 due to their actions or inaction.

The Rivers raise the additional issue of whether the Declaration should be declared void as against public policy.

## III. Standard of Review

This case was tried without a jury. Accordingly, under Rule 13(d) of the Tennessee Rules of Appellate Procedure, our review of the trial court's findings of fact is *de novo* upon the record with a presumption of correctness unless the evidence preponderates otherwise. *Allstate Ins. Co. v. Tarrant*, 363 S.W.3d 508, 512 (Tenn. 2012). The evidence preponderates against the trial court's factual findings when it supports another finding "with greater convincing effect." *Hardeman Cnty. v. McIntyre*, 420 S.W.3d 742, 749 (Tenn. Ct. App. 2013) (citation omitted). Therefore, the trial court's findings of fact must contain sufficient underlying facts to clearly disclose the basis of the trial court's determinations. *Lovelace v. Coley*, 418 S.W.3d 1, 34 (Tenn. 2013) (citations omitted). Additionally, because trial courts are best situated to assess the witnesses at trial, we will not disturb a trial court's findings based on witness credibility without clear and convincing evidence to the contrary. *Dog House Invs., LLC v. Teal Props., Inc.*, 448 S.W.3d 905, 912 (Tenn. Ct. App. 2014) (citation omitted). However, we review the trial court's conclusions of law *de novo* with no presumption of correctness. *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012).

## IV. Analysis

In his brief, Mr. Brooks argues that the plain language of the Declaration does not support the trial court's conclusion that he was "compelled . . . to buy the [p]roperty back from [the Rivers] in the event the parties were unable to agree on a construction agreement[.]" Rather, he asserts that

> the Declaration states that, if the parties cannot agree on a construction agreement, the buyer may obtain a waiver or sell the property back to the seller. The restrictions do not dictate any terms on which [Mr. Brooks] may grant the buyers a waiver or the terms on which the buyers may resell the property to the seller. Moreover, the Declaration does not state that [Mr. Brooks] must either grant a waiver or buy back the Property, and the waiver and buy-back of the Property are not the only options available to the parties. [The Rivers] were always free to sell the Property to someone else, but they never attempted to do so.

Mr. Brooks further asserts that "if the parties intended for [Mr. Brooks] to be compelled to buy back the Property, the Declaration would have stated that [Mr. Brooks] 'shall repurchase' the Property for the price originally paid (excluding fees and costs)."

Mr. Brooks also argues that the trial court erred in finding that he waived the terms of the Declaration. He asserts that, under Tennessee law, waiver of a contractual right must be "clear and unequivocal" and "intentional and voluntary." Mr. Brooks submits that he testified "that he never intended to give up the right to enforce the exclusive builder provision in the Declaration." He also asserts that the trial court made no findings with respect to whether "the purported waiver" was clear, unequivocal, intentional, and voluntary. With these arguments in mind, we turn first to the trial court's interpretation of the terms of the Declaration.

### A. The Declaration

Restrictive covenants are generally viewed and interpreted as contracts. **Hughes v. New Life Dev. Corp.**, 387 S.W.3d 453, 475 (Tenn. 2012) (citation omitted). Accordingly, the interpretation of a restrictive covenant is a question of law that we review *de novo* with no presumption of correctness. *Id.* at 480-81. The Tennessee Supreme Court has observed that restrictive covenants "privately control land use" and are unfavored "because they are in derogation of the rights of free use and enjoyment of property." *Id.* at 474-75 (citations omitted). Therefore, courts will strictly construe restrictive covenants, and any ambiguity in the language will be construed against the drafter. **Gen. Bancshares, Inc. v. Volunteer Bank & Tr.**, 44 S.W.3d 536, 540 (Tenn. Ct. App. 2000) (citations omitted).

As noted above, the Declaration provides, in relevant part:

In the event said parties shall be unable to reach a construction agreement satisfying the provisions of this Paragraph 1 and acceptable to both parties, the owner of the tract or lot shall either (i) obtain a waiver from Construction Partners, LLC waiving its rights as the exclusive builder as to that specific tract or lot or (ii) convey the tract or lot to Construction Partners, LLC for the same purchase price (excluding fees and costs) as originally paid by the owner of the tract or lot.  Until such time as the initial dwelling and related improvements have been constructed on any given tract or lot purchased from the Owner, Construction Partners, LLC shall have a first right of refusal to purchase tracts or lots within the Property.

The Declaration also unambiguously requires the buyer to begin construction within one-year of purchase, and it unambiguously gives Mr. Brooks the right of first refusal to repurchase the property until such time as a dwelling or improvements have been constructed.  However, the extent of the buyer's rights and obligations when the parties are unable to reach a construction agreement are less clear.

Although Mr. Brooks asserts that he was not required to re-purchase the property when he declined to waive the exclusive builder requirement, the Declaration provides that the buyer "*shall either* (i) obtain a waiver . . . or (ii) convey the tract or lot to [Mr. Brooks] for the same purchase price[.]" (emphasis added)  The general rule of construction is that the word "shall" ordinarily is construed to be mandatory rather than merely directory. ***Louisville and Nashville Railroad Company v. Hammer***, 236 S.W.2d 971, 973 (Tenn. 1951) (applying this rule in the context of statutes). Thus, the plain language of the Declaration limited the Rivers' options to two: (1) obtain a waiver; or (2) re-convey the Property to Mr. Brooks for the original purchase price (excluding fees and costs).  Whether other options were available to the Rivers is ambiguous at best, and we construe such ambiguity against Mr. Brooks as the drafter of the Declaration.  Therefore, we agree with the trial court that Mr. Brooks breached the terms of the Declaration when he neither agreed to the waiver of the right to be the exclusive builder, nor accepted a re-conveyance for the purchase price of the Property.  As the trial court puts it, Mr. Brooks "did neither[.]" The remaining question, then, is whether Mr. Brooks waived the provisions of the Declaration for this Property. We now turn to that question.

## B. Waiver

Whether a contractual provision was waived is a question of fact that we review with a presumption of correctness unless the evidence preponderates otherwise. ***GuestHouse Int'l, LLC v. Shoney's N. Am. Corp.***, 330 S.W.3d 166, 201-202 (Tenn. Ct. App. 2010) (citing ***Gaston v. Tenn. Farmers Mut. Ins. Co.,*** 120 S.W.3d 815, 819 (Tenn. 2003)).  Mr. Brooks argues that the trial court erred in finding that he waived the Declaration because he testified that he did not intend to relinquish the right to enforce the

exclusive builder provision. He further argues that the trial court did not make findings regarding whether any purported waiver was clear, unequivocal, intentional, and voluntary.

We have observed that the definition of "waiver" as "a voluntary relinquishment by a party of a known right" is "oversimplified" and somewhat "misleading." *GuestHouse Int'l*, 330 S.W.3d at 201 (citations omitted). As we noted in *GuestHouse*, "[i]n reality, many, if not most waivers are unintentional and frequently do not involve a "right" that the party is aware of." *Id.* Additionally, "contractual *rights* are not waivable, *conditions* are." *Id.* (emphasis in the original) (citation omitted). "Thus, the definition of waiver as "a voluntary relinquishment by a party of a known right" applies to a waiver of the right to enforce a provision in a contract, not to the waiver of a right acquired under the contract in the agreed exchange." *Id.* at 201-202 (citations omitted). Waiver ""may be proved by express declaration; or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage; or by a course of acts and conduct[.]"" *Gaston*, 120 S.W.3d 815, 819 (Tenn. 2003) (quoting *Chattem, Inc. v. Provident Life & Accident Ins. Co.*, 676 S.W.2d 953, 955 (Tenn. 1984) (quoting *Baird v. Fidelity–Phenix Fire Ins. Co.*, 162 S.W.2d 384, 389 (Tenn. 1942))). The burden of proof to establish waiver under the facts is on the party asserting it. *Id.* (citations omitted).

In this case, the trial court determined that Mr. Brooks waived the right to enforce the conditions of the Declaration when he refused to grant the Rivers' request for either of the two options available to them under it, *i.e.*, waiver of the exclusive builder provision or re-conveyance of the property. Based on the foregoing authority and from our review of the record, we conclude that the evidence does not preponderate against the trial court's finding that Mr. Brooks waived the Declaration as it concerns this Property.[4] In view of our holdings, we pretermit Appellees' issue concerning whether the Declaration should be declared void as against public policy. Any discussion of this issue would be advisory at this point. *State ex rel. DeSelm v. Owings*, 310 S.W.3d 353, 359 (Tenn. Ct. App. 2009), *perm. app. denied* (Tenn. March 1, 2010) (citing *Banks v. Jenkins*, 449 S.W.2d 712, 717 (Tenn. 1969)) ("It is not the prerogative of an appellate court to render advisory opinions.").

## V. Conclusion

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs on appeal are assessed to the Appellants, Travis Brooks and Construction Partners LLC, for all of which execution may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE

---

[4] The trial court's conclusions regarding the extent of the waiver with respect to the Rivers' successors has not been raised as an issue, and we specifically do not address it here.